UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

HOLIDAY PARK DRIVE, LLC,

                     *Plaintiff*,

      -against-

NEWIST CORP. *doing business as* Bagel Toastery and Bagel Toasterie, ERDNIC "EDDIE" KAYI and HATICE "JAY" ASLANTAS,

                     *Defendants*.
-------------------------------------------------------------X

**MEMORANDUM AND ORDER**
23-CV-02623 (AMD) (JMW)

**A P P E A R A N C E S:**

    Anthony John Davis
    **OGC Solutions LLP**
    1 Gatehall Drive, Suite 100
    Parsippany, NJ 07054
    *Attorney for Plaintiff*

    Paul Salvatoriello, Esq.
    **OGC Solutions LLP**
    1 Gatehall Drive, Suite 100
    Parsippany, NJ 07054
    *Attorney for Plaintiff*

    *No Appearance by Defendants*

**WICKS,** Magistrate Judge:

In a recently issued Memorandum and Order, the undersigned granted in part and denied in part, Plaintiff's Motion for Attorneys' Fees (ECF No. 23), and granted Plaintiff's Motion for Contempt Sanctions for Defendants' violation of the Permanent Injunction (ECF Nos. 25, 33). Plaintiff was then directed to serve and file within thirty (30) days of the Electronic Order dated November 15, 2024, a memorandum and affidavits in support, itemizing its total attorneys' fees and costs associated with its Motion for Contempt, so that the Court may properly determine the

amount of compensatory sanctions to be imposed in this matter. (ECF No. 33 at 35.) Before the Court now is Plaintiff's Motion for Attorneys' Fees and Costs (ECF No. 35), which remains unopposed by Defendants.[1] For the reasons stated below, Plaintiff's Motion for Attorneys' Fees (ECF No. 35) is **GRANTED**.

## DISCUSSION

Plaintiff seeks a total of $7,626.09 in fees and costs for the worked performed in connection with Plaintiff's Motion for Contempt Sanctions (ECF No. 31). Courts have "broad discretion in determining the amount of a fee award." *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 307 (2d Cir. 2011). The lodestar calculation, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case," gives rise to "a presumptively reasonable fee." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). "A party seeking an award of attorney's fees bears the burden to document 'the hours reasonably spent by counsel, and thus must support its request by providing contemporaneous time records reflected, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done.'" *Bds. Trs. Ins., Annuity, Scholarship, & Apprenticeship Training Funds Sheetmetal Workers' Int'l Ass'n, Loc. Union No. 137 v. Liberty Signs, Inc.*, No. 10-cv-1737 (ADS) (AKT), 2011 WL 4374519, at *6 (E.D.N.Y. Aug. 30, 2011), *report and recommendation adopted*, 2011 WL 4373893 (E.D.N.Y. Sept. 19, 2011). "[A] party moving for attorneys' fees must [also] provide the credentials law school matriculation, practice area, and years of experience in the relevant practice area to substantiate the requested hourly rate for each individual." *Desly Int'l Corp. v. Spartak*, No. 13-CV-2303 (ENV) (LB), 2018 WL 4522081, at *8 n.11 (E.D.N.Y. Aug. 1, 2018). Upon review of all of these documents, "[t]he court must assess whether the hours expended by

---

[1] To date, Defendants have not appeared in this action and thus, no opposition to this Motion has been filed.

2

plaintiff's counsel were reasonable, and exclude any hours that were excessive, redundant, or otherwise unnecessary to the litigation." *See Nuriddinov v. Masada III, Inc.*, No. 15-CV-5875, 2017 WL 9253401, at *12 (E.D.N.Y. July 24, 2017), *report and recommendation adopted*, 2018 WL 1251335, at *1 (Mar. 12, 2018).

It is with this framework in mind that the undersigned reviews Plaintiff's application for fees.

### i.      Hourly Rates

Plaintiff's counsel seeks fees for work billed by partner Anthony J. Davis at a rate of $450 per hour, counsel Paul Salvatoriello at a rate of $395 per hour, paralegal Krista McCrone at a rate of $175.00, and paralegal Jennifer DiSena at a rate of $150.00. (ECF No. 35-2 at 4-6.)

A reasonable hourly rate is "'the rate a paying client would be willing to pay,' based on the 'prevailing [hourly rate] in the community . . . where the district court sits.'" *E. Sav. Bank, FSB v. Whyte,* No. 13-cv-6111 (CBA) (LB), 2014 U.S. Dist. LEXIS 196448, at *10-11 (E.D.N.Y. Aug. 11, 2014) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2007)).  In assessing a reasonable hourly rate, the court takes into consideration the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *Gesualdi v. Bestech Transp., LLC*, No. 14-CV-1110 (JS) (ARL), 2022 WL 866853, at *2 (E.D.N.Y. Mar. 23, 2022) ("The party applying for fees must support the hourly rates it claims with, for example, evidence of counsel's expertise and prevailing market rates."). The relevant "'community' for purposes of this calculation is the district where the district court sits." *Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 190. "Courts in this Circuit employ the 'forum rule,' where 'the hourly rates [in the] district in which the [ ]

3

court sits' are presumptively reasonable, as well as on 'evidence proffered by the parties.'" *Gordon v. Chambers*, No. 20-CV-696, 2024 WL 3533876, at *14 (E.D.N.Y. July 25, 2024) (collecting cases).

Hourly rates in the Eastern District of New York, appear to "generally range from $300.00 to $450.00 for partner-level attorneys, and $200.00 to $325.00 for those with less experience." *Perrone v. Amato*, No. 09-CV-316 (SIL), 2022 WL 595187, at *3 (E.D.N.Y. Feb. 27, 2022); *see also Pilitz v. Inc. Freeport*, No. 07- CV 4078 ETB, 2011 WL 5825138, at *4 (E.D.N.Y. Nov. 17, 2011) (collecting cases); *Hall v. Prosource Techs., LLC*, No. 14-CV-2502 (SIL), 2016 WL 1555128, at *12 (E.D.N.Y. Apr. 11, 2016 (noting that "[c]ourts in the Eastern District of New York award hourly rates ranging from $200 to $450 per hour for partners") (citation omitted)). This standard has been reaffirmed over the years and most recently in a related matter by Plaintiffs before the undersigned. *See Holiday Park Drive, LLC v. Newist Corp.*, No. 23-CV-2623 (AMD) (JMW), 2024 WL 4802751, at *8 (E.D.N.Y. Nov. 15, 2024) (finding that hourly rates of $300.00 to $450.00 remain to be reasonable as of July 2024).

Generally, the Eastern District has found a rate of $75.00 to $120.00, a reasonable number for paralegals and law clerks. *Streamlight, Inc. v. Gindi*, No. 18-CV-987 (NG), 2019 WL 6733022, at *19 (collecting cases) ("Rates in intellectual property cases in this District generally range from. . . $70 to $100 for paralegal assistants."); *Allied 100, LLC v.Chadha*, No. 20-CV-03493 (AMD) (PK), 2021 WL 7184241, at *12 (E.D.N.Y. July 26, 2021) (collecting cases awarding fees for paralegals between $75 and $120 per hour, and $120 per hour for more senior paralegals, specifically here, who had over thirty-eight years and twenty years of work experience). However, most recently as of January 21, 2025, it has been "adjusted for inflation

4

and market conditions," which increased the amount to "$100-$150 for paralegals." *Rubin v. HSBC Bank USA, NA*, No. 20-CV-4566, 2025 WL 248253, at *6 (E.D.N.Y. Jan. 21, 2025).

As the undersigned noted in the Memorandum and Order (ECF No. 33), attorneys with cases involving the subject matter of intellectual property may charge higher rates. (*Id.* at 17-18.) *See e.g.*, *Am. Soc'y for Prevention of Cruelty to Animals*, No. 19-CV-4401 (BMC), 2020 WL 93884, at *4 (E.D.N.Y. Jan. 7, 2020) (finding partner hourly rates of $550–$785 and associate hourly rates of $420–$595 in connection with trademark infringement default judgment reasonable and noting the rates were "consistent with other rates among large New York law firms for intellectual property work that practice in this district."); *Value Wholesale, Inc. v. KB Ins. Co.*, No. 18-CV-5887(KAM)(SMG), 2020 WL 6393016, at *5 (E.D.N.Y. Nov. 2, 2020) (finding rates of $550 per hour for partners, and $325 for associates to be reasonable rates "for a paying client to incur in connection with a complex trademark infringement suit"); *Emerson Elec. Co. v. Asset Mgmt. Assocs. of New York, Inc.*, No. 16-CV-1390 (PKC) (SIL), 2024 WL 2387406, at *3 (E.D.N.Y. May 23, 2024) (finding principal of firm's rates of $350 per hour to $400 per hour reasonable where principal "had more than 30 years of experience as a trial and appellate lawyer in state and federal courts, focusing on, *inter alia*, commercial and corporate litigation; copyright, trademark, trade secret, and unfair competition litigation" and finding the principal's firm rate for associates of $225 per hour to $275 per hour also reasonable); *ID Tech LLC v. Toggle Web Media LLC*, No. 20-CV-05949 (EK) (RER), 2023 WL 10553658, at *3 (E.D.N.Y. Oct. 10, 2023), *report and recommendation adopted*, No. 20-CV-5949 (EK) (RER), 2024 WL 1332725 (E.D.N.Y. Mar. 28, 2024) (collecting cases) (finding associate's rate of $300 per hour reasonable where the associate: (i) practiced law in the Southern and Eastern Districts of New York as well as in the New York state court system since 2019, (ii) acted as lead counsel

5

in many intellectual property enforcement cases, and other complex business and commercial litigation cases, and (iii) briefed and appeared for an oral argument on the motion to dismiss in the instant case, and further noting "[t]he rate requested is also commensurate with the rates approved for associates in other intellectual property cases").

Anthony J. Davis is the founding member of OGC Solutions LLP and has practiced law for over thirty-two years. (ECF No. 35-2 at 4.) According to his Declaration in Support of Plaintiff's Motion for Attorneys' Fees and Cost, Mr. Davis received his Bachelor of Arts from the University of Michigan in 1988 and his Juris Doctor from Syracuse University College of Law in 1992, where he graduated with cum laude honors. His practice areas include complex commercial litigation and intellectual property. Mr. Davis is admitted to practice in New Jersey, New York, and Pennsylvania, and various federal courts including the U.S. Supreme Court.

Paul Salvatoriello is counsel at OGC Solutions LLP with "over 20 years of litigation experience; has acted as lead counsel or supporting counsel in many business litigation, intellectual property, and trademark cases at OGC Solutions LLP; and served as a Deputy Attorney General handling criminal prosecutions from 2007 to 2014 for the State of New Jersey. [He] has also written and argued countless appeals in his capacity as a Deputy Attorney General and in private practice." (*Id.* at 5.) Mr. Salvatoriello attended the University of Notre Dame, where he graduated cum laude and with his Bachelor of Arts. He then received his Juris Doctor from Georgetown University Law Center with magna cum laude honors. Upon graduation, Mr. Salvatoriello was a Law Clerk to the Honorable Peter G. Verniero, Associate Justice of the New Jersey Supreme Court.  Mr. Salvatoriello is admitted to practice in New Jersey, New York and the federal courts within those states as well as the Third Circuit.

Krista McCrone is a legal secretary and paralegal with OGC Solutions LLP. (*Id.*) Ms. McCrone's legal career began in 2020 and her role with OGC Solutions LLP since 2021. Ms. McCrone has experience assisting attorneys in litigation, corporate, and real estate matters.

Jennifer DiSena is the senior litigation paralegal at OGC Solutions LLP. (*Id.* at 6.) Ms. DiSena has twenty-four years of experience as a legal secretary and paralegal. She has been with OGC Solutions LLP for over sixteen years. Ms. DiSena has worked on complex litigation matters in the state courts as well as the federal courts.

Accordingly, the undersigned finds that the rates charged by Mr. Davis and Mr. Salvatoriello are reasonable and in conformance with the forum rule. *Parsons v. Bong Mines Ent. LLC*, No. CV-19-0813 (JMA)(AKT), 2021 WL 931506, at *11 (E.D.N.Y. Feb. 18, 2021), *report and recommendation adopted*, No. 19-CV-0813 (JMA) (AKT), 2021 WL 930259 (E.D.N.Y. Mar. 11, 2021).

As for Ms. McCrone and Ms. DiSena, the undersigned finds their rates of $175 and $150, respectively, higher than typically awarded in this District. *Gesualdi v. Bedford Container Servs., Inc.*, No. 19-CV-4183 (KAM)(PK), 2020 WL 6370165, at *6 (E.D.N.Y. Aug. 13, 2020), *report and recommendation adopted in part,* No. 19-CV-4183 (KAM)(PK), 2020 WL 5248860 (E.D.N.Y. Sept. 3, 2020). Plaintiff's counsel did inform the court of the credentials of each individual who worked on the Motion for Contempt Sanctions. The undersigned takes into consideration, the extensive experience that Ms. DiSena holds of twenty-years. (ECF. No 35-2 at 6.)  Likewise, the undersigned noted Ms. McCrone has worked as a paralegal since 2020. (*Id.* at 5.) The Court is constrained to follow in the footsteps of decisions paved in this District. *Reply All Corp. v. Gimlet Media, Inc.*, No. 15-CV-4950 (WFK)(PK), 2024 WL 3855990, at *4 (E.D.N.Y. Mar. 25, 2024), *aff'd*, No. 15-CV-4950 (WFK) (PK), 2024 WL 3855907 (E.D.N.Y.

7

May 23, 2024) (collecting cases and applying rates of $100 for paralegals); *see also Realsongs, Universal Music Corp. v. 3A N. Park Ave. Rest Corp.*, 749 F. Supp. 2d 81, 92 (E.D.N.Y. 2010) (reducing paralegal rates from $230 to $100). Consequently, the paralegal hourly rate for Ms. McCrone is reduced to $150. In light of a recent decision coupled with Ms. DiSena's many years of experience, her hourly rate is reasonable. *See Rubin v. HSBC Bank USA, NA*, 2025 WL 248253, at *6.

The undersigned next looks to whether Plaintiff's counsel's hours were reasonably billed.

### ii. Number of Hours Billed

As for the hours billed in this matter, the Second Circuit has focused on "factors such as the time and labor required on the matter and the number of attorneys involved." *Tessemae's LLC v. Atlantis Cap. LLC*, No. 18-CV-4902 (KHP), 2019 WL 2635956, at *5 (S.D.N.Y. June 27, 2019). Plaintiff's counsel had taken over this case from prior counsel around July of 2024. Mr. Salvatoriello filed his Notice of Appearance on July 16, 2024. (ECF No. 27.) For the Motion to Compel Sanctions, Plaintiff's counsel billed a total of 19.15 hours and voluntarily excluding 1.2 hours which results in 17.95 hours of billable work.[2] (ECF No. 35-3.) Among the tasks completed, counsel and their staff have:

- Conducted legal research regarding enforcement of default judgment and contempt motion,

- Drafted the contempt motion, declaration and other accompanying motion papers,

- Revised and continued drafting the Motion for Contempt,

- Serving Defendants with the required paperwork, and

---

[2] Plaintiff submitted billing records and invoices in support of the Motion for Contempt Sanctions. (ECF No. 35-3.) According to Plaintiff's Memorandum in Support for Attorneys' Fees and Cost, Plaintiff's counsel calculated a total of 17.95 hours of billable work. (ECF No. 35-1.) Upon review by the undersigned, the Court calculated that Plaintiff billed a total of 18.95 hours. The Court notes this discrepancy and will use the number provided by Plaintiff.

8

- Filing the Motion for Contempt and following the Court's directives regarding service and ECF filings.

(ECF No. 35-3.)

Judges in this District have awarded fees when the work performed "appears reasonably related to the instant motion for attorneys' fees, such as research about the standards for recovery and drafting portions of the memorandum of law." *New Falls Corp. v. Soni Holdings, LLC*, No. 19-CV-00449 (HG) (LGD), 2023 WL 5806294, at *10 (E.D.N.Y. July 6, 2023), *report and recommendation adopted*, No. 19-CV-00449 (HG) (LGD), 2023 WL 5806257 (E.D.N.Y. Sept. 7, 2023) (citing *Li Rong Gao v. Perfect Team Corp.*, No. 10-CV-1637 (ENV) (CLP), 2017 WL 9481011, at *15 (E.D.N.Y. Jan. 11, 2017), *report and recommendation adopted*, No. 10-CIV-1637 (ENV) (CLP), 2017 WL 1857234 (E.D.N.Y. May 8, 2017)) ("approving time that 'appears reasonably related to the instant motion for attorneys' fees, such as research about the standards for recovery and drafting portions of the memorandum of law'"). Discretion lies with the Court to reduce fees, where entries are broad, or an attorney uses block billing methods. *Zaslavskiy v. Weltman, Weinberg & Reis Co.*, No. 18-CV-4747 (DLI) (RER), 2022 WL 1003589, at *14 (E.D.N.Y. Jan. 5, 2022) (quoting *Dagostino v. Computer Credit, Inc.,* 238 F. Supp. 3d 404, 416–17 (E.D.N.Y. 2017)).

This Court finds that Plaintiffs' 17.95 hours billed is reasonable in the context of a motion to contempt seeking sanctions. *See Citigroup Inc. v. Seade, No. 21 CIV. 10413 (JPC),* 2023 WL 1971827, at *4 (S.D.N.Y. Jan. 6, 2023) (awarding attorneys fees for a motion to contempt, where there were thirty-six hours billed)*; ID Tech LLC,* 2023 WL 10553658, at *4 (finding 67.35 hours of legal work performed in intellectual property enforcement case to be reasonable); *Hartford-Jackson, LLC v. Hound's Tree Wines, LLC,* No. 20-CV-05322 (JMA) (ARL), 2022 WL 3586571, at *5 (E.D.N.Y. Aug. 22, 2022) (granting a motion for attorneys'

9

fees for $36,096.75 as the rates and total hours worked were reasonable); *see also Tambriz v. Taste & Sabor LLC,* 577 F. Supp. 3d 314, 334 (S.D.N.Y. 2021) ("A prevailing party can recover fees for several categories of work, including failed efforts otherwise reasonably pursued.").

In support of Plaintiff's request for attorney's fees, Plaintiff's counsel provided billing records with an itemized breakdown of hours and descriptions of each task conducted. (ECF No. 35-3); *see New York Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) (noting that fee applications should include "contemporaneous time records . . . [that] specify, for each attorney, the date, the hours expended, and the nature of the work done."). These records are authenticated by the supporting declaration. (ECF No. 35-2.)

A summary of the attorney's fees is below:

| Attorney/Paralegal | Hours Requested | Hours Awarded | Rate Requested | Rate Awarded | Hours Awarded X Rate Awarded |
|---|---|---|---|---|---|
| **Anthony Davis** | 2.1 | 2.1 | $450.00 | $450.00 | $945.00 |
| **Paul Salvatoriello** | 12.7 | 12.7 | $395.00 | $395.00 | $5,016.50 |
| **Krista McCrone** | .65 | .65 | $175.00 | $150.00 | $97.50 |
| **Jennifer DiSena** | 2.5 | 2.5 | $150.00 | $150.00 | $375.00 |
| **TOTAL** | 17.95 | 17.95 | -- | -- | $6,434.00 |

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Attorneys' Fees and Costs (ECF No. 35) is **GRANTED**. Accordingly, the undersigned grants Plaintiff's unopposed Motion for Attorney's Fees in the total amount of $6,434.00.

Dated: Central Islip, New York
April 2, 2025

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge