UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
                                                                 :

**HOLIDAY PARK DRIVE, LLC**,
                                                                  :

                       Plaintiff,
                                                                  :    **ORDER ADOPTING REPORT AND RECOMMENDATION**

       – against –
                                                        :    23-CV-2623 (AMD) (JMW)

**NEWIST CORP.** *d/b/a* Bagel Toastery and Bagel
Tosterie, **ERDNIC "EDDIE" KAYI** and **HATICE** :
**"JAY" ASLANTAS**,
                                                                 :
------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

On April 6, 2023, the plaintiff sued the defendants for: (i) infringement of a Federally Registered Mark pursuant to 15 U.S.C. § 1114 ("Count One"), (ii) Federal Trademark Infringement, Unfair Competition, False Designation of Origin and Passing Off pursuant to 15 U.S.C. § 1125(a) ("Count Two"), (iii) Common Law Unfair Competition and Trademark Infringement ("Count Three"), and (iv) violations of New York Consumer Protection Act pursuant to N.Y. Gen. Bus. Law § 349 ("Count Four"). (ECF No. 1.) The defendants failed to appear, and the Clerk of Court issued Certificates of Default against the defendants Aslantas, Kayi, and Newist Corp. on May 24, June 14, and October 6, 2023, respectively. (ECF Nos. 12, 14, 19.) On July 17, 2023, the plaintiff moved for default judgment against Aslantas and Kayi (ECF No. 15), which the Court referred to Magistrate Judge James Wicks on July 17, 2023. (*ECF Order dated July 17, 2023.*) Judge Wicks denied the motion with leave to renew because the plaintiff did not comply with Local Civil Rule 55.2(b) and 55.2(c) or the Servicemembers Civil Relief Act, 50 U.S.C. § 3931(b)(1)(A). (*ECF Order dated August 8, 2023.*) On August 15, 2023, the plaintiff renewed the motion. (ECF No. 17.) On November 9, 2023, the plaintiff filed a separate motion for default judgment against Newist Corp. (ECF No. 20.)

The Court referred the motions to Judge Wicks (*ECF Order dated Aug. 17, 2023*; *ECF Order dated Feb. 14, 2024*), who recommended that the Court grant the motions in part as to Counts I, II and III, and deny the motions as to Count V.  (ECF No. 21.)  Judge Wicks also recommended that the Court deny the plaintiff's application for attorneys' fees with leave to renew.  (*Id.*)  The Court adopted the Report and Recommendation in full.  (*ECF Order dated Mar. 20, 2024.*)

The plaintiffs moved for attorneys' fees (ECF No. 23) and for contempt sanctions (ECF No. 31); the Court referred the motions to Judge Wicks.  (*ECF Order dated Apr. 22, 2024; ECF Order dated Aug. 20, 2024.*)  On November 15, 2024, Judge Wicks granted in part and denied in part the motion for attorneys' fees and granted the motion for contempt sanctions.  (ECF No. 33.)  Judge Wicks directed the defendants to produce "within sixty days of this Order, a detailed statement of all net profits derived by Defendants from such licensing and sales throughout the world from the date the [Permanent Injunction] Order was issued until the date of this Order, so that the Court may properly determine the amount of compensatory sanctions to be imposed in this matter."  (*Id.* at 34–35.)  He also directed the plaintiff to "serve and file, within thirty days of this Order, a memorandum and affidavits in support itemizing its total attorneys' fees and costs associated with its Motion for Contempt, so that the Court may properly determine the amount of compensatory sanctions to be imposed in this matter."  (*Id.* at 35.)  Finally, he ordered that the defendants "individually and on behalf of their company, [] prepare, sign and file a sworn certification that they have fully complied with the [Permanent Injunction] order and have not violated any terms of it within thirty days of this Order."  (*Id.*)

On December 13, 2024, the plaintiff filed a motion for attorneys' fees (ECF No. 35), which Judge Wicks granted on April 2, 2025.  (ECF No. 37.)  On April 4, 2025, the plaintiff

moved for a writ of assistance and writ of execution (ECF No. 38). The Court referred the

motion to Judge Wicks on April 7, 2025. (*ECF Order dated Apr. 7, 2025*). On May 23, 2025,

Judge Wicks issued a comprehensive Report and Recommendation, in which he recommended

that the Court grant the plaintiff's application for a writ of assistance and a writ of execution.

(ECF No. 44.) No party has objected to the Report and Recommendation, and the time for doing

so has passed.[1]

A district court deciding whether to adopt a Report and Recommendation "may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the Report and Recommendation

to which no timely objection has been made, "a district court need only satisfy itself that there is

no clear error on the face of the record." *Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d

161, 163 (E.D.N.Y. 2011) (quoting *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169

(S.D.N.Y. 2003)); *see also VOX Amplification Ltd. v. Meussdorffer*, 50 F. Supp. 3d 355, 369

(E.D.N.Y. 2014).

The Court has carefully reviewed Judge Wicks' well-reasoned Report and

Recommendation for clear error and finds none. Accordingly, the Court adopts the Report and

Recommendation in its entirety and grants the motion for a writ of assistance and a writ of

execution. The plaintiff is directed to submit an updated writ of execution to comply with N.Y.

C.P.L.R. § 5230(a). Upon receipt of the plaintiff's amended writ of execution, the Clerk of

Court is respectfully directed to sign and file the writ of execution promptly and forward it to the

United States Marshal for the Eastern District of New York, along with a copy of this Order and

the Report and Recommendation, directing the Marshal personally to serve a copy of the writ of

---

[1] The defendants have not responded to or complied with a single court order. (*See* ECF Nos. 26, 34, 36, 39.)

execution on the defendants.  The Clerk of the Court is also respectfully directed to sign and file

the writ of assistance promptly and to forward it to the United States Marshal for the Eastern

District of New York, with a copy of this Order and the Report and Recommendation, directing

the Marshal personally to serve a copy of the writ of assistance on the defendants.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge


Dated:  Brooklyn, New York
        June 30, 2025